IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03082-BNB

SHANE A. FORBIS,

    Applicant,

v.

GARY WILSON, Denver County Jail Undersheriff/Warden,

    Respondent.

---

ORDER OF DISMISSAL

---

    Applicant, Shane A. Forbis, is an inmate at the Denver County Jail in Denver, Colorado. Mr. Forbis has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) asking the Court to intervene in his state court criminal case. Mr. Forbis claims that his constitutional rights are being violated in the ongoing criminal proceedings and he asks that he be released from custody and that the criminal case be dismissed and expunged from his record. As additional relief Mr. Forbis seeks replacement of, or reimubursement for, his vehicle, and he asks that the public defender who previously represented him, the defense attorneys who currently represent him, the state court judge, and two deputy district attorneys be suspended from the practice of law or disbarred. These additional requests for relief are not appropriate in this habeas corpus action and will not be addressed further.

    The Court must construe the application liberally because Mr. Forbis is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an

advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the application will be denied and the action will be dismissed.

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings.  *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).  Abstention is appropriate if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges."  *Phelps*, 122 F.3d at 889.

The first condition is met because Mr. Forbis concedes that the state court proceedings are ongoing.  The second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."  *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45).  With respect to the third condition, Mr. Forbis fails to demonstrate the absence of an adequate opportunity to present his claims in the state proceedings.

Mr. Forbis "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'"  *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).  However, the fact that Mr. Forbis will be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and

immediate irreparable injury.  *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977).

Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Phelps*, 122 F.3d at 889.  It is Mr. Forbis' "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.*

Mr. Forbis fails to demonstrate that the criminal case against him was commenced with no reasonable hope of success.  He also fails to demonstrate any improper motivation for the charges.  Finally, there is no indication that the criminal case against Mr. Forbis has been conducted in such a way as to constitute harassment or an abuse of prosecutorial discretion.  Therefore, the Court finds that *Younger* abstention is appropriate in this action.

In summary, the instant action will be dismissed because Mr. Forbis fails to allege facts that indicate he will suffer great and immediate irreparable injury if the Court does not intervene in the ongoing state court criminal proceedings.  If Mr. Forbis ultimately is convicted in state court and he believes that his federal constitutional rights were violated in obtaining that conviction, he may pursue his claims in federal court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he

exhausts state remedies.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Forbis files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is denied and the action is dismissed without prejudice. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  15th  day of   November  , 2013.

BY THE COURT:


  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court